## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KIMBERLY KENNEDY

    **Plaintiff**

    v.

**BERKEL & COMPANY
CONTRACTORS, INC.**

and

**DWAYNE W. BRUCE**

    **Defendants**

**Case No. 1:17-cv-01248-DLF**

## JOINT PRETRIAL STATEMENT

Counsel submit the following as their joint pretrial statement:

**(1) Parties and Counsel.**

| | |
|---|---|
| Kimberly Kennedy, Plaintiff | 5032 Silver Hill Court #201<br>District Heights, Maryland 20747<br>(312) 636-4327<br>kennedykimberly170@gmail.com |
| Philip B. Zipin, Counsel for Plaintiff (Co-Lead Counsel) | Zipin, Amster & Greenberg, LLC<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br>(301) 587-9373<br>pzipin@zagfirm.com |
| Norman G. Schneider, Counsel for Plaintiff (Co-Lead Counsel) | Kamerow Law Firm, PLLC<br>4900 Leesburg Pike, Suite 310<br>Alexandria, VA 22302<br>(703) 370-8088 (office)<br>(301) 537-7306 (cell)<br>nschneider@kamerowlaw.com |
| Berkel & Company Contractors, Inc., Defendant | 2649 S. 142nd Street<br>Bonner Springs, KS 66012<br>(913) 422-5125 |

| | |
|---|---|
| Yoora Pak, Counsel for Defendant Berkel & Company Contractors, Inc.'s (Co-Lead Counsel) | Wilson, Elser, Moskowitz, Edelman & Dicker LLP 8444 Westpark Drive, Suite 510 McLean, Virginia 22102 (703) 245-9300 Fax: (703) 245-9301 Yoora.Pak@wilsonelser.com |
| Elisabeth Shu, Counsel for Defendant Berkel & Company Contractors, Inc. (Co-Lead Counsel) | Wilson, Elser, Moskowitz, Edelman & Dicker LLP 8444 Westpark Drive, Suite 510 McLean, Virginia 22102 (703) 245-9300 Fax: (703) 245-9301 Elisabeth.Shu@wilsonelser.com |
| Ashlee Williams, Counsel for Defendant Berkel & Company Contractors, Inc. | Wilson, Elser, Moskowitz, Edelman & Dicker LLP 8444 Westpark Drive, Suite 510 McLean, Virginia 22102 (703) 245-9300 Fax: (703) 245-9301 Ashlee.Williams@wilsonelser.com |
| Dwayne W. Bruce, Defendant | 5 Crismer Court, Unit A Baltimore, MD 21207 |
| Brian Adam Scotti, Counsel for Defendant Dwayne W. Bruce   (Co-Lead Counsel) | Gordon & Rees, LLP 1101 King Street Suite 520 Alexandria, VA 22314 (202) 399-1009 Fax: (202) 800-2999 bscotti@grsm.com |
| Courtney R. Abbott, Counsel for Defendant Dwayne W. Bruce (Co-Lead Counsel) | Gordon & Rees, LLP 1101 King Street Suite 520 Alexandria, VA 22314 (202) 399-1009 Fax: (202) 800-2999 cabbott@gordonrees.com |
| Philip Abbruscato, Counsel for Defendant Dwayne W. Bruce | Gordon & Rees, LLP 1101 King Street Suite 520 Alexandria, VA 22314 (202) 399-1009 |

| | Fax: (202) 800-2999 |
| | pabbruscato@grsm.com |

**(2) Nature of the Case**.

Plaintiff, Kimberly Kennedy, worked for Defendant Berkel & Company Contractors, Inc. ("Berkel") from August 20, 2015 until September 29, 2015.   While working for Berkel, she was supervised by Berkel's Acting Superintendent, Defendant Dwayne W. Bruce. Ms. Kennedy alleges that Mr. Bruce created a hostile work environment at the construction work site at 55 M Street, N.E. in Washington, D.C., based upon her sex and religion. Ms. Kennedy further alleges that Defendants discriminatorily terminated her based upon her sex.   Finally, Ms. Kennedy alleges that Defendants retaliated against her by forcing her to engage in sexual activity with Mr. Bruce, attempting to silence her, and/or terminating her employment.

Defendants deny that Ms. Kennedy was subject to a hostile work environment, discriminated against, or retaliated against her in any manner for any alleged protected activity.   Further, Defendants claim that Ms. Kennedy was not fired from her job, but that she was laid off when work was no longer available for her at that site or at other Berkel sites in the area.

**(3) Claims and Defenses.**

**A.      The claims against Defendants are renumbered from the Complaint:**

| Count 1 | Retaliation (Title VII) (Originally Count 1) against Berkel |
| Count 2 | Retaliation (DCHRA) (Originally Count 7) against Berkel and Bruce |
| Count 3 | Hostile Work Environment (Title VII - Sex) (Originally Count 3) against Berkel |

| Count 4 | Hostile Work Environment (DCHRA - Sex) (Originally Count 9) against Berkel and Bruce |
| Count 5 | Hostile Work Environment (Title VII -Religion) (Originally Count 4) against Berkel |
| Count 6 | Hostile Work Environment (DCHRA -Religion) (Originally Count 10) against Berkel and Bruce |
| Count 7 | Discriminatory Termination (Title VII - Sex) (Originally Count 5) against Berkel |
| Count 8 | Discriminatory Termination (DCHRA - Sex) (Originally Count 11) against Berkel and Bruce |

All other remaining Counts not previously dismissed by the Court pursuant to Defendants' Motion to Dismiss or Motion for Summary Judgment are voluntarily dismissed with prejudice by Plaintiff.

**B.  The Defendants have raised the following defenses to Plaintiff's claims:**

1.      The Complaint fails to state a claim upon which relief may be granted;

2.      Defendants exercised reasonable care to prevent and correct promptly any sexually or religion-based harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventing or corrective opportunities provided by Defendants or to avoid harm otherwise;

3.      Defendants acted properly, professionally and without malice at all times towards Plaintiff such that Defendants are not liable for punitive damages in this case;

4.      Defendants did not discriminate against Plaintiff in violation of the D.C. Human Rights Act or 42 U.S.C. § 2000e, *et seq.*;

5.      Defendants would have made the same decision to discharge Plaintiff absent any alleged discriminatory motive;

6.      Defendants' actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-prohibited reasons and/or good cause;

7.      Plaintiff failed to make reasonable efforts to mitigate her damages;

8.      Defendants demand strict proof of any damages claimed by Plaintiff in this lawsuit; and

9.       Defendants rely upon all other matters that may constitute an avoidance of or affirmative defense to the First Amended Complaint.

**(4) Undisputed Issues/ Stipulations.**

1.       In 2015, 56-year-old Kimberly Kennedy moved from Chicago, Illinois to the Washington, D.C. area to live with an elderly relative.

2.       Upon arrival in the Washington, D.C. area, Ms. Kennedy looked for work in construction.

3.       On or about August 20, 2015, Plaintiff appeared at the construction site of a building being erected at 55 M Street, NE, Washington, D.C. ("the Work Site"), where Berkel was laying concrete and performing other foundation work.

4.       In August 2015, Dwayne W. Bruce was the Acting Superintendent for the work being performed at the Work Site by Berkel.

5.       On August 20, 2015, Ms. Kennedy showed Mr. Bruce her resume.

6.       Mr. Bruce initially told Ms. Kennedy that Berkel was not hiring at the site. Instead, he took a copy of her resume, wrote down her phone number, and she left.

7.       Later that day, on August 20, 2015, Mr. Bruce telephoned Ms. Kennedy to inform her that she could be hired at the site. Ms. Kennedy returned to the site, and Berkel hired her that day as a flagger.

8.       Ms. Kennedy's last day of work for Berkel was September 29, 2015.   She was not terminated for any reason related to the quality of her work performance.

9.       During the entire time that Ms. Kennedy was employed by Berkel, she worked under the supervision of Mr. Bruce.

10.     On or about June 14, 2016, Ms. Kennedy made a criminal complaint against Mr. Bruce with the D.C. Metropolitan Police Department.

11.     During the course of the D.C. Metropolitan Police investigation, Mr. Bruce told the police detective that Ms. Kennedy and he had engaged in consensual sexual activity when she worked at 55 M Street, N.E., in Washington, D.C.

12.     Mr. Bruce swore under oath in an affidavit submitted to the EEOC that he never had sexual contact with Ms. Kennedy.

13.     In Defendants' Objections and Responses to Plaintiff's First Discovery Requests,   Dwayne Bruce falsely swore, under penalty of perjury, executed on March 3, 2019, that "To the extent Plaintiff claims that she complained or otherwise objected to Mr. Bruce himself, defendants dispute this claim because the underlying conduct never occurred."

(4)     Plaintiff's Proposed Stipulated Facts

None.

(5)     Defendant's Proposed Stipulated Facts

1.     At no time during her employment with Berkel did Ms. Kennedy report any alleged unlawful discriminatory or harassing conduct by Mr. Bruce.

2.     On August 23, 2017, the D.C. Metropolitan Police Department closed its investigation and prosecution was declined.

**(5) Witness Schedule:**

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| **PLAINTIFF'S WITNESSES** | | | | | |
| Plaintiff | 1 | Raymond Brown, M.D. MBI Health Services 2041 Martin Luther King Avenue, S.E. Washington, DC 20020 (202) 547-8450 | Treating Clinician* at MBI Health Services. He will testify to his clinical evaluation of the Plaintiff. | Expected Direct Examination: 20 minutes | |
| Plaintiff | 2 | Jolie Carter 231 Grant Street Park Forest, IL 60466 (708) 300-4507 | She is expected to testify about the Plaintiff's condition and mental state before and after the events at Berkel | Expected Direct Examination: 20 minutes | Lack of personal knowledge |
| Plaintiff | 3 | Michael A. Conte, Ph.D.* 2332 E. Bowker Street Phoenix, Arizona 85040 (602) 232-2095 | He is expected to testify consistent with the report he issued in the case concerning Ms. Kennedy's economic losses as a result of the injuries she suffered. | Expected Direct Examination: 30 minutes Potential de bene esse deposition | |
| Plaintiff | 4 | Jonathan DeRight, Ph.D., ABPP-CN* 1464 Ingleside Avenue McLean, VA 2201 (703) 680-4200x112 | Planned as Rebuttal Expert to Defendant's Psychiatrist. He is expected to offer opinions regarding the psychological testing performed by Defendant's Psychiatrist consistent with the report he issued in this case. | Expected Direct Examination: 1½ hours | |

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| Plaintiff | 5 | Detective Tonia Gay Metropolitan Police Department 300 Indiana Avenue, N.W. Washington, D.C.   20001 (202) 727-9099 | She is expected to testify about her investigation of the sexual assault alleged by Ms. Kennedy | Expected Direct Examination: 20 minutes | |
| Plaintiff | 6 | Sheku Kamara 915 Eastham Ct #14 Crofton, MD 21114 (202) 330-3541 | He is expected to testify about the Plaintiff's work conditions, environment, and mental state, and Plaintiff's relationship with the defendants. | Expected Direct Examination: 20 minutes | |
| Plaintiff | 7 | Arushi Kapoor, M.D. 3400 Civic Center Boulevard South Pavilion, 2nd Floor Philadelphia, PA 19104 Phone: (215) 662-7810 | Attending Doctor during hospitalization at Howard University Hospital in August 2016.   She will testify to her clinical evaluation of the Plaintiff and that of other clinicians at Howard University Hospital. | Expected Direct Examination: 30 minutes | |
| Plaintiff | 8 | Kimberly Kennedy, Plaintiff 5032 Silver Hill Court #201 District Heights, Maryland 20747 (312) 636-4327 | Plaintiff is expected to testify concerning her employment and termination, the harassment and sexual assault, her mental health before and after her experiences at Berkel & Co., and her efforts | Expected Direct Examination: 5 hours | |

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| | | | to seek and hold employment after her termination from employment with Berkel. | | |
| Plaintiff | 9 | Eindra Khin Khin, M.D.* 2120 L Street, N.W., Suite 600 Washington, DC 20037 (202) 741-2762 | She is expected to offer opinions about Ms. Kennedy's psychiatric condition, its causes, treatment, and sequelae consistent with her report and deposition testimony. | Expected Direct Examination: 2 hours | *See* Motion in Limine |
| Plaintiff | 10 | Linda Madison Van Ness Feldman LLP 1050 Thomas Jefferson Street, NW Washington, DC 20007 (202) 298-1898 | She is expected to testify about her meetings and telephone calls with the Plaintiff during 2015 and 2016 in which Plaintiff told her about what had occurred while on the job at Berkel | Expected Direct Examination: 20 minutes | |
| Plaintiff | 11 | Mansoor Malik, M.D. Towers Building, 2041 Georgia Ave NW #5B-01, Washington, DC 20060 Phone: (202) 865-6611 | Attending Doctor* during hospitalization at Howard University Hospital in August 2016.   He will testify to his clinical evaluation of the Plaintiff and that of other clinicians at Howard University Hospital. | Expected Direct Examination: 30 minutes | Duplicative, cumulative |
| Plaintiff | 12 | Beatrice Morris 14318 Dobson Avenue Dalton, IL 60419 (708) 612-7117 | She is expected to testify about Plaintiff's work conditions, environment, and | Expected Direct Examination: 30 minutes | Lack of personal knowledge; foundation; improper |

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| | | | mental state based upon telephone calls with the Plaintiff in 2015 and after.   She will also testify about Plaintiff's mental and physical condition before, during and after working at Berkel. | Potential de bene esse | expert opinion |
| Plaintiff | 13 | Ikechi C. Nnawuchi, M.D. Medical Director at MBI Health Services 2041 Martin Luther King Avenue, S.E. Washington, DC 20020 (202) 547-8450 | Treating Clinician* at MBI Health Services.  He will testify to his clinical evaluation of the Plaintiff. | Expected Direct Examination: 30 minutes | |
| Plaintiff | 14 | John L. Syphax, M.D. Amazing Love Health Services 702 15th Street, N.E. Washington, DC 20020 (202) 388-8500 | Treating Clinician* at Amazing Love Health Services.   He will testify to his clinical evaluation of the Plaintiff. | Expected Direct Examination: 20 minutes | |
| **DEFENDANTS' WITNESSES** | | | | | |
| Defendant | 15 | Ray Rhodes | Mr. Rhodes is expected to testify as to Plaintiff's behavior and his interactions with her during the time period relevant to Plaintiff's allegations. | Expected Direct Examination: 30 minutes | |

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| Defendant | 16 | Dwayne Bruce, Defendant 522 47th Street Baltimore, MD 21224 | He is expected to testify about his interactions with Plaintiff, and the terms and conditions of her employment and separation. | Expected Direct Examination: 2 hours | |
| Defendant | 17 | Dr. Ryan Wagoner | Dr. Wagoner is expected to testify as to Plaintiff's alleged emotional injuries | Expected Direct Examination: 2 hours Potential de bene esse deposition | |
| Defendant | 18 | Nick LaMarchy | Witness is expected to testify about his observations regarding the interactions between Kennedy and Bruce. | Expected Direct Examination: 30 Minutes | |
| Defendant | 19 | Ray Hillocks | Witness is expected to testify about his observations regarding the interactions between Kennedy and Bruce. | Expected Direct Examination: 30 Minutes | |
| Defendant | 20 | Robert Lambrite | Witness is expected to testify about his observations regarding the interactions between Kennedy and Bruce, and alleged conversations with Bruce about Kennedy. | Expected Direct Examination: 30 Minutes | |
| Defendant | 21 | Beverly Jones | Witness is expected to testify about | Expected Direct | |

| To be Called by | # | Name of Witness | Expected Testimony | Expected Duration | Objections |
|---|---|---|---|---|---|
| | | | Plaintiff's statements to the Wendt Center. | Examination: 30 Minutes | |
| Defendant | 22 | Jessa Llewellyn | Witness is expected to testify about Plaintiff's statements to the Women's Center | Expected Direct Examination: 30 Minutes | |
| Defendant | 23 | Gilbert Ndi | Witness is expected to testify about Plaintiff's statements to MBI Health Services. | Expected Direct Examination: 30 Minutes | |

The Parties reserve the right to call any witnesses listed by any other party, any

necessary custodian of records, and any rebuttal or impeachment witnesses.

(6)  **Exhibit List**:

1. **All joint exhibits start with the letter "J."**
2. **All Plaintiff's exhibits start with the letter "P."**
3. **All Defendants exhibits start with the letter "D."**
4. **All exhibits with an "X" before the number are exhibits which are for identification only, and will not go to the jury.**

**JOINT EXHIBIT LIST:**

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-1 | Affidavit of Dwayne Bruce (BRK 000067-69) | September 8, 2016 | |
| J-2 | Bruce Completion of Sexual Harassment Prevention by Supervisors (BRK 000058) | September 13, 2013 | |
| J-4 | Photo of Work Site #1 (reverse angle) (no bates) | September 1, 2015 | |
| J-5 | Photo of Work Site #2 (no bates) | September 1, 2015 | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-6 | Photo of Work Site #3 (9/29/15) (no bates) | September 29, 2015 | |
| J-7 | Ms. Kennedy's Resume (Given to Mr. Bruce on 8/20/15) (Kennedy 0001) | August 20, 2015 | |
| J-9 | Berkel & Company Contractors, Inc. Employment Manual (BRK 000011-42) | | |
| J-10 | Final Pay Stub (9/29/15) (Kennedy 0993) | September 29, 2015 | |
| J-11 | Berkel Time and Pay Records for Ms. Kennedy (1/1/15 -3/21/16) (BRK 000071-73) | March 21, 2016 | |
| J-12 | Davis Construction Employee Profile (Start Date 10/1/15; Termination Date 4/1/16) (JDC 000013) | April 1, 2016 | |
| J-13 | Davis Construction Time sheets (7/27/15 - 5/22/16) (JDC 000025-26) | July 18, 2016 | |
| J-14 | LiUNA Audit Clerk Job Description (Kennedy 0208) | March 17, 2016 | |
| J-15 | LiUNA Hiring Letter (no bates) | April 4, 2016 | |
| J-16 | Maryland Unemployment LiUNA Separation Information (no bates) | May 25, 2016 | |
| J-17 | Union Information Status Updates (no bates) | July 25, 2016 September, 2010 August 25, 2001 | |
| J-18 | Chicagoland Laborers' Training (Kennedy 0209) | January 14, 2014 | |
| J-21 | EEOC Intake Interview (Kennedy 0009-11; 0837-841) | February 11, 2016 | |
| J-22 | EEOC Log (1/13/16 - 4/2/16) (Kennedy 0006) | April 2, 2016 | |
| J-23 | EEOC Charge of Discrimination (Kennedy 0037) | April 4, 2016 | |
| J-24 | EEOC Notice of Charge of Discrimination to Berkel & Company Contractors, Inc. (Kennedy 0032) | May 4, 2016 | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-25 | Kennedy Email (Kennedy 0046-47) | August 5, 2016 | |
| J-28 | Onsite Interview Template of Mr. Bruce (with Scott MacDonald and Kenneth Nichols present at Nixon Peabody offices) (Kennedy 0027-31) | February 16, 2017 | |
| J-29 | Offense Report (MPD 000001-000002) | June 7, 2019 | |
| J-30 | Case Summary (MPD 000040) | June 14, 2019 | |
| J-31 | Contact with S-1 (MPD 000041) | July 2, 2019 | |
| J-32 | Follow Up Interview with C1 (MPD 000046) | July 21, 2016 | |
| J-33 | Non-Custodial Interrogation of Dwayne Bruce (MPD 000048-000049) | July 23, 2016 | |
| J-34 | Interview with Ray Hillocks (MPD 000054) | September 23, 2016 | |
| J-35 | Interview with Nick Lamachy (MPD 000058) | October 19, 2016 | |
| J-36 | Interview with Linda Madison (MPD 000063) | October 26, 2016 | |
| J-37 | MPD Public Incident Report (BRK 000123) | June 14, 2016 | |
| J-41 | Howard University Hospital Emergency Department Note (Kennedy 1053-1054) | August 24, 2016 | |
| J-42 | Howard University Hospital Psychiatric Consultation Sheet (Kennedy 1043) | August 24, 2016 | |
| J-43 | Howard University Hospital Admission Notice (Kennedy 1003) | August 25, 2016 | |
| J-44 | Howard University Hospital Assessment Report (Kennedy 1004-1042) | August 25, 2016 | |
| J-45 | Howard University Hospital Urine Screen (Kennedy 1066) | August 25, 2016 | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-46 | Howard University Hospital Clinical Notes Report (Kennedy 0453-454) | August 25, 2016 | |
| J-47 | Howard University Hospital Initial History and Physical (Dictated 8/25/16; Signed by Mansoor Malik, MD on 10/29/16) (Kennedy 0274-277) | August 25, 2016 | |
| J-48 | Howard University Hospital Narrative Summary on Discharge (Dictated 8/31/16) signed by Arushi Kapoor, MD on 9/6/16) (Kennedy 1049-1051) | August 31, 2016 | |
| J-49 | Howard University Hospital Progress Note (Kennedy 0471-489) | August 26, 2016 | |
| J-50 | Howard University Hospital Progress Note (Kennedy 1265-1266) | August 26, 2016 | |
| J-51 | Howard University Hospital Assessment Report (Kennedy 1100) | August 26, 2016 | |
| J-52 | Howard University Hospital Progress Note (Kennedy 1263-1264) | August 27, 2016 | |
| J-53 | Howard University Hospital Progress Note (8/28/16) (Kennedy 1267-1268) | August 28, 2016 | |
| J-54 | Howard University Hospital Progress Note (8/29/16) (Kennedy 1270-1271) | August 29, 2016 | |
| J-55 | Howard University Hospital Progress Note (Consult with Reverend 8/29/16) (Kennedy 1269) | August 29, 2016 | |
| J-56 | Howard University Hospital Progress Note (8/30/16) (Kennedy 1272-1273) | August 30, 2016 | |
| J-57 | Howard University Hospital Progress Note (8/31/16) (Kennedy 1274-1275) | August 31, 2016 | |
| J-58 | Howard University Hospital Assessment Report (Kennedy 1101) | August 30, 2016 | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| | | August 31, 2016 | |
| J-59 | Unity Health Care Patient Income Assessment (no bates) | June 20, 2015 | |
| J-60 | Unity Health Care Progress Note (no bates) | June 20, 2015 | |
| J-61 | DC Rape Crisis Center Intake Form (Kennedy 0627-641) | September 27, 2016 | |
| J-62 | MBI Health Locus Form (MBI 000123) | September 2, 2016 | |
| J-63 | MBI Health Initial Psychiatric Evaluation (MBI 000115-116) | October 4, 2016 | |
| J-64 | Wendt Center for Loss and Healing Visit Details (WWC 000002) | February 17, 2017 | |
| J-65 | Wendt Center for Loss and Healing Visit Details (WWC 000034) | April 21, 2017 | |
| J-66 | Wendt Center for Loss and Healing Visit Details (WWC 000033) | May 17, 2017 | |
| J-68 | Wendt Center for Loss and Healing Visit Details (WWC 000009-10) | April 18, 2019 | |
| J-69 | Wendt Center for Loss and Healing Visit Details (WWC 000006) | May 2, 2019 | |
| J-70 | Amazing Love Health Services Complete Record (ALHS 000001-15; Kennedy 0544-548) | August 12, 2016 - September 7, 2016 | |
| J-76 | Statement to Detective (Kennedy email) (Kennedy 0857-858) | November 2, 2016 | |
| J-80 | Jonathan DeRight, Ph.D. C.V. | | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-103 | Kennedy Statements/texts (Kennedy 0499-522) | Undated | |
| J-104 | MBI Health Services records (Kennedy 0524-538) | Oct. 26, 2016 | |
| J-105 | Kennedy handwritten notes (Kennedy 0569-614) | Undated | |
| J-106 | DCRCC Progress Notes (Kennedy 0659-672) | Oct. 3, 2017 - Jan. 2, 2018 | |
| J-107 | DCRCC internal correspondence (Kennedy 0692-695, 698) | Jun. 21, 2017 | |
| J-108 | DCRCC First Session Sheet (Kennedy 0673-674) | Oct. 3, 2017 | |
| J-109 | DCRCC Progress Notes (Kennedy 691; 696-697; 699-701; 704-707; 711; 715; 717-718, 722, 731-732; 741-742; 744-745; 747-748; 750-752; 755; 760; 771; 787) | Oct. 11, 2016 - Jun. 21, 2017 | |
| J-110 | DCRCC Group Termination Form (Kennedy 0703) | Mar. 22, 2017 | |
| J-111 | DCRCC Individual Termination Form (Kennedy 0709) | Mar. 20, 2017 | |
| J-114 | The Woman's Center records (TWC 000001-46) | Mar. 5, 2018 – Nov. 27, 2018 | |
| J-115 | MBI Health Services, Encounter Notes (MBI 000097-98; 101-102; 109-110; 113-114) | Oct. 6, 2016 – Nov. 3, 2016 | |
| J-116 | Forensic case report (DFS 000001-2) | Mar. 3, 2017 | |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| J-117 | Creative Ways Therapy Intake Form (CWT 000001-6) | Apr. 5, 2017 | |
| J-118 | Creative Ways Therapy Case Notes (CWT 000027-33; 35; 38-42; 44-50; 52-53) | Oct. 2, 2018 – Apr. 24, 2019 | |

**PLAINTIFF'S EXHIBIT LIST:**

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| P-3 | Berkel Voluntary Self-Identification of Disability Form (BRK 000084) | August 20, 2015 | Relevance. |
| P-8 | Berkel & Company Contractors, Inc. Employee Contact Information (8/20/15) (BRK 000080) | August 20, 2015 | Relevance. |
| P-26 | Louis Francavilla Assigned Case (Kennedy 0021) | September 23, 2016 | Relevance. |
| P-27 | Entry of Counsel for Ms. Kennedy (Kennedy 0061) | January 9, 2017 | Foundation, hearsay, and relevance. |
| P-71 | Beck Depression Inventory -2 (Kennedy 0783-784) | October 18, 2016 | Foundation and relevance. |
| P-72 | Beck Depression Inventory -2 (Kennedy 0682-683) | October 13, 2017 | Foundation and relevance. |
| P-73 | CDS Profile (Kennedy 0785-786) | October 18, 2016 | Foundation and relevance. |
| P-74 | CDS Profile (Kennedy 0678-681) | October 3, 2017 | Foundation and relevance. |
| P-75 | Creative Ways, LLC Suicide Contract (Kennedy 0854) | February 27, 2019 | Foundation and relevance; prejudicial |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| P-77 | EJC Intake (Kennedy 0042) | 2016 | Incomplete |
| P-78 | EyeSite not hired (Kennedy 0210) | March 1, 2019 | Foundation and relevance. |
| P-84 | IMS Expert Services Engagement Letter with Defendants' Counsel Nixon Peabody LLP for Ryan C. Wagoner, M.D. | May 7, 2019 | Hearsay; improper foundation and probative value is outweighed by prejudicial effect. |
| P-86 | IMS Main Page (no bates) | | Foundation, hearsay, and relevance. |
| P-87 | IMS Expert Witness Page | | Foundation, hearsay, and relevance. |

**DEFENDANTS' EXHIBIT LIST**

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| D-112 | MPD File (Kennedy 0875-980) (MPD 000001-000082) | Jun. 14, 2016 | All references to AUSA decision to decline to prosecute are objected to, including Kennedy 0966 - 0972, MPD 000020, 000069 - 71, 74, 76-77 |
| D-113 | Wendt Center for Loss and Healing Records (WWC 000001-34) | Feb.17, 2017 – May 9, 2019 | All MPD documents included in this exhibit are |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| | | | objected to as duplicative. Additionally, WWC 000016 is objected to for the reference to "Because he had his license removed, she had to get a new attorney." WWC 000019 is objected to for the reference to "Her lawyer was disbarred." WWC 000021 is objected to for the reference to "The prosecutor did not have enough evidence against the supervisor to prosecute." WWC 000031 is objected to for the reference to "The criminal case on sexual assault was dismissed, but there is still a civil case." |

**DOCUMENTS NOT TO BE ENTERED AS EVIDENCE NOR SENT TO THE JURY – FOR IDENTIFICATION PURPOSES ONLY (X-#):**

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| X-19 | Transcript of Dwayne W. Bruce Deposition | July 17, 2019 | Hearsay and the best evidence rule. |
| X-20 | Transcript of Kimberly Kennedy Deposition | July 10, 2019 | Hearsay and the best evidence rule. |
| X-79 | Eindra Khin Khin, M.D. Independent Medical Examination | September 11, 2019 | Hearsay; improper foundation; probative value is outweighed by prejudicial effect. See Motion in Limine. |
| X-81 | Neuropsychological Consultation (Jonathan DeRight, Ph.D.) | November 14, 2019 | Hearsay; improper foundation and probative value is outweighed by prejudicial effect. |
| X-82 | Report on Economic Losses of Kimberly Kennedy (Michael A. Conte, Ph.D.) | April 30, 2019 | Hearsay; improper foundation and probative value is outweighed by prejudicial effect. |
| X-83 | Ryan C. Wagoner, M.D. Complete Expert Packet | | Hearsay; improper foundation and probative value is outweighed by prejudicial effect. |

| Exhibit No. | Title | Date | Objections |
|---|---|---|---|
| X-85 | Ryan C. Wagoner, M.D. Independent Psychiatric Evaluation | October 11, 2019 | Hearsay |
| X-88 | Defendants' Objections and Responses to Plaintiff's First Set of Discovery Requests | March 20, 2019 | Relevance and the best evidence rule. |
| X-89 | Defendants' First Amended Objections and Responses to Plaintiff's First Set of Discovery Requests | August 14, 2019 | Relevance and the best evidence rule. |
| X-90 | Defendants' Rule 26(a)(1)(A) Initial Disclosures | January 21, 2019 | Relevance and the best evidence rule. |
| X-119 | Complaint | | Only paragraphs 1-61 and other factual statements may be referenced; all other paragraphs are objected to. |
| X-120 | Amended Complaint | | Only paragraphs 1-61 and other factual statements may be referenced; all other paragraphs are objected to. |
| X-121 | Plaintiff's Answers to Bruce's interrogatories | | |
| X-122 | Plaintiff's Answers to Berkel's interrogatories | | |

(7) **Deposition Testimony**:

(a) Plaintiff's designations: All from the Deposition of Dwayne W. Bruce, July 17, 2019.

| **Page:Line** |
|---|
| 12:14-21 |
| 13:8 - 14:15 |
| 15:6 - 13 |
| 15:22 -16:17 |
| 17:4 - 19 |
| 23:1 - 17 |
| 23:18 – 24:14 |
| 28:4 – 10 |
| 28: 20 – 29:4 |
| 29:19 – 30:19 |
| 31:6 – 32:12 |
| 35:4 – 37:2 |
| 40:5-11 |
| 42:14-17 |
| 44:17 – 46:11 |
| 46:18 - 47:11 |
| 48:9-15 |
| 49:1-21 |
| 51:3-5 |
| 53:1-11 |
| 71:9-19 |
| 72:1-4 |
| 73:1-3 |
| 82: 17–83:2 |
| 84: 22-85:3 |
| 85:4-6 |
| 85:9–86:11 |
| 90:12-19 |
| 100:22-101:8, 10-11 |

(b) Defendants' cross designations from the Deposition of Dwayne W. Bruce, July 17, 2019:

| Page:Line |
| --- |
| 12:22-13:7 |
| 16:18-17:3 |
| 27:15-28:9, 11-19 |
| 29:5-18 |
| 30:20-22 |
| 31:1-5 |
| 33:4-35:3 |
| 37:10-39:9 |
| 40:12-42:13 |
| 42:18-44:16 |
| 46:12-17 |
| 47:12-48:8 |
| 48:16-22 |
| 49:19-51:2 |
| 51:6-52:13 |
| 53:12-56:7 |
| 57:10-59:18 |
| 72:5-22 |
| 74:21-75:13 |
| 86:12-87:17 |
| 88:10-90:4 |

(c) Defendants' Objections to Plaintiff's deposition designations of Dwayne W. Bruce

| Page and Line | Objection(s) |
| --- | --- |
| 23:1-24:8 | Relevance, Argumentative and Prejudicial Effect Outweighs Probative Value |

Transcript of Dwayne W. Bruce
Conducted on July 17, 2019                        23

1      Q Do you know what the penalties for perjury

2  are?

3      A Not really.

4      Q Do you know that you could go to jail?

5      A Yes.

6      Q Do you know that you could be fined?

7      A Yes.

8      Q And yet you decided that keeping your job

9  was more important than telling the truth?

10      A Yes.

11      Q Were you under any physical or mental

12  disability on September 8, 2016, when you signed

13  this affidavit?

14      A No.

15      Q You were clearheaded and knew why you were

16  lying?

17      A Yes.

18      Q Do you remember being interviewed by

19  somebody from the EEOC?

20      A Yes.

21      Q And that was at the jobsite? That was at

22  55 M Street?

PLANET DEPOS
888.433.3767 | WWW.PLANETDEPOS.COM

Transcript of Dwayne W. Bruce
Conducted on July 17, 2019                        24

1      A No.

2      Q Where was it?

3      A Here.

4      Q It was --

5      A Yeah, here.

6      Q Here in this office, in this -- with Nixon

7  Peabody?

8      A In - in -- right.

(d) Plaintiff's Objection to Defendants' cross-designations of Dwayne W. Bruce deposition

| Page and Line | Objection(s) |
|---|---|
| 89:3-4 | "The EEOC turned that down."   Relevance, Argumentative and Prejudicial Effect Outweighs Probative Value |



Transcript of Dwayne W. Bruce
Conducted on July 17, 2019
23 (89 to 92)

(8) **Demonstrative Evidence**:

   (a)  Plaintiff
      a.  Table 1: Calculation of Ms. Kennedy's Economic Losses, produced by Michael A. Conte, Ph.D.
      b.  Opening statement (may include stipulated exhibits and facts)
      c.  Closing statement (may include instructions and verdict form)

   (b)  Defendants
      a.  Timeline 1 of events
      b.  Opening statement (may include stipulated exhibits and facts)
      c.  Closing statement (may include instructions and verdict form)

(9) **Relief Sought**: For each count, Plaintiff is claiming economic losses in the present value amount of $704,226 (calculated as of April 30, 2019).   Plaintiff is also claiming emotional distress damages, punitive damages, and attorneys' fees and costs. Attorneys' fees are anticipated to amount to approximately $900,000 - $1 million by the end of trial at Adjusted *Laffey* Matrix rates.

### (10) Pending Motions:

### (a) Defendants' Motions:

1. Defendants' Motion in Limine to exclude Dr. Khin Khin
2. Defendant Bruce's Motion in Limine to preclude evidence of
   a. Defendant Bruce's prior criminal charges
   b. To preclude reference to Bruce as a "predator"
   c. To preclude speculative testimony that Bruce made statements to co-workers regarding alleged sexual relationship

### (11) (a) Proposed Voir Dire (submitted separately):

Please see Attachment A.

### (b) Proposed Jury Instructions (submitted separately):

Proposed jury instructions will be submitted on September 15, 2021.

### (c) Proposed Verdict Form (submitted separately):

Proposed Verdict Form(s) will be submitted on September 15, 2021.

(19) **Estimated Length of Trial:** 8 days, including jury selection.   Parties ask that jury selection occur on and that any remaining pre-trial motions be argued on October 15, 2021 – the Friday preceding the scheduled trial date of October 18, 2021.

Respectfully submitted,

/s/*Philip B. Zipin*_____
Philip B. Zipin (#367362)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142

Email: pzipin @ zagfirm.com

/s/ *Norman G. Schneider*
Norman G. Schneider (#415524)
Kamerow Law Firm, PLLC
4900 Leesburg Pike, Suite 310
Alexandria, Virginia   22302
(703) 370-8088
nschneider @ kamerowlaw.com

*Attorneys for Plaintiff Kimberly Kennedy*

/s/*Yoora Pak*
Yoora Pak (#467007)
Elisabeth Shu (#982704)
Ashlee Williams (*pro hac vice* motion to be filed)
Wilson, Elser, Moskowitz, Edelman & Dicker
LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
Fax: (703) 245-9301
Yoora.Pak @ wilsonelser.com
Elisabeth.Shu @ wilsonelser.com
Ashlee.Williams@wilsonelser.com

*Counsel for Defendant Berkel & Company
Contractors, Inc.*

/s/*Brian Adam Scotti*
Brian Adam Scotti (#497125)
Courtney R. Abbott (#488653)
Philip Abbruscato (#1656066)
Gordon & Rees, LLP
1101 King Street
Alexandria, VA 22314
Suite 520
(202) 399-1009
Fax: (202) 800-2999
bscotti@grsm.com
cabbott@grsm.com

*Counsel for Defendant Dwayne W. Bruce*
Page **28** of **35**

**CERTIFICATE OF SERVICE**

I hereby certify that the Joint Pre-Trial Statement was served on all counsel of record via ECF.

/s/*Yoora Pak*_____
Yoora Pak (#467007)
Elisabeth Shu (#982704)
Ashlee Williams (*pro hac vice* motion to be filed)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
Fax: (703) 245-9301
Yoora.Pak@wilsonelser.com
Elisabeth.Shu@wilsonelser.com
Ashlee.Williams@wilsonelser.com

*Counsel for Defendant Berkel & Company Contractors, Inc.*

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KIMBERLY KENNEDY | |
|     **Plaintiff** | |
|     **v.** | |
| **BERKEL & COMPANY** | **Case No. 1:17-cv-01248-DLF** |
| **CONTRACTORS, INC.** | |
| **and** | |
| **DWAYNE W. BRUCE** | |
|     **Defendants** | |

**PROPOSED VOIR DIRE**

The Parties hereby request the following voir dire of the jury venire:

**(1) Jointly Agreed Upon:**

1.  The Plaintiff in this action is Kimberly Kennedy.   Is there any member of the jury panel who knows Ms. Kennedy or her immediate family?

2.  One Defendant in this action is Berkel & Co. Contractors, Inc., a construction company with regional offices in the D.C. area.   Is any member of the jury panel or to your knowledge any member of your immediate family related to, acquainted with, or worked for Berkel & Co. Contractors, Inc.?

3.  The other Defendant is this action is Dwayne W. Bruce.   Is there any member of the jury panel who knows Mr. Bruce or his immediate family?

4.      The Plaintiff in this matter is represented by Philip B. Zipin of the law firm Zipin, Amster & Greenberg, located in Silver Spring, Maryland, and Norman Schneider of the Kamerow Law Firm, whose offices are in Alexandria, Virginia.   Is there anyone on the panel or a member of your immediate family that has ever been represented by, opposed by, or had any business or social dealings with Mr. Zipin or Mr. Schneider and/or their law firms?

5.      Defendant Berkel & Co. Contractors, Inc. is represented by Yoora Pak, Ashlee N. Williams and Elisabeth Shu of the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, whose office is located in McLean, Virginia.   Is there anyone on the panel or a member of your immediate family that has ever been represented by, opposed by, or had any business or social dealings with Ms. Pak, Ms. Williams, or Ms. Shu or anyone at their law firm?

6.      Defendant Dwayne W. Bruce is represented by Brian Adam Scotti, Courtney R. Abbott, and Philip Abbruscato of the law firm Gordon & Rees, LLP, whose office is located in Alexandria, Virginia. Is there anyone on the panel or a member of your immediate family that has ever been represented by, opposed by, or had any business or social dealings with Mr. Scotti, Ms. Abbott, or Mr. Abbruscato or anyone at their law firm?

7.      If any member of the jury panel or to your knowledge any member of your immediate family is related to, acquainted with or maintains any business or social relationship with any of the following persons who may be called as witnesses, would you please identify

yourself:        (see list of witnesses)

8.      Have any of you ever studied law, or have you or any close friends or family members ever been employed as a lawyer, paralegal, legal secretary, or in any other position with a law firm or legal department (whether private or public)?

9.      If any member of the Jury Panel is a medical doctor, psychologist, social worker, nurse, or other health care provider, please identify yourself by name and Juror number and state the nature of your profession.

10.     Have you, members of your immediate family or close personal friends had medical or nursing training or experience or worked for a doctor or hospital?

11.     Have you, members of your immediate family or close personal friends ever filed a discrimination claim or lawsuit against anyone or had one filed against you or one of your relatives or close personal friends?

12.     Is anyone taking any medication or have any physical condition that would impair their ability to remain alert and pay attention and observe the evidence presented at trial throughout the presentation of this matter?

13.     Does any member of the panel know any other member of the panel?

14.     Is there anything you have heard so far or is there any other reason at all why you would feel uncomfortable sitting on this case or why you prefer to be excused?

15.     Do any of you have any mental, philosophical or religious reservations which would prevent you from applying the law as given to you by this Court in this case?

16.     Do you have feelings, moral or religious, which you believe could affect

your ability to be a fair and impartial juror in this case?

17.     Does any member of the panel feel, for any reason, they cannot render a fair and impartial determination based upon the evidence and instructions presented at trial?

18.     Have you or any close friends or family members ever worked for or volunteered with a government agency such as the U.S. Equal Employment Opportunity Commission, the D.C. Office of Human Rights, the Civil Rights Division of the U.S. Department of Justice, or any other organization that focuses on any type of alleged discrimination?

19.     Have you or anyone close to you ever had an experience where you or the person close to you felt legal rights were violated based on what was believed to be a discriminatory reason?

20.     The plaintiff in this case is an individual. One defendant is a corporation. Does anyone here feel that it would be hard to treat and individual and a corporation equally? In other words, does anyone have a slight leaning where, if given a choice, you'd lean towards favoring an individual over a corporation?

21.     Does anyone have negative feelings towards corporations? For example, some people think corporations place too much value on profits, and not enough value on people. Does anyone have that view, or a view that is similar?

22.     Does anyone here feel like you might have any natural tendency to favor the employee in a suit against an employer/corporation?

23.    Do you believe that there is a problem with sexual harassment in the construction industry?

24.    Have any of you, or anyone close to you, ever been treated by an employer in a way that you felt was discriminatory?

**25.**    Have you or anyone close to you been a victim of sexual assault?   Do you have any feelings about sexual assault or victims of sexual assault that would impact your ability to be fair and impartial in a case where sexual assault is alleged?

### (2) Plaintiff's Additional Proposed Voir Dire

1.    Is there anyone here who believes that there should be a limit to the amount of money a plaintiff can receive for emotional distress or pain and suffering?

2.    Are you a member of any organization or group which is lobbying for so-called tort reform or caps on damages?

3.    Have you or any member of your immediate family or close personal friends ever been a member or involved with any group or organization which has taken a position to limit or restrict lawsuits or the amounts of money used to compensate the victims of Civil Rights violations?

### (3) Defendants' Additional Proposed Voir Dire

1.     Have you or anyone close to you ever filed, or thought about filing, a discrimination charge or lawsuit against anyone? [Objection as overbroad.]

2.    Do you know anybody who has experienced any type of discrimination? [Objection as overbroad.]

Page **5** of **6**

3.      Do you have any opinions, positive or negative, about people who sue their employers or potential employers from whom employment was sought? [Objection as overbroad.]