## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KIMBERLY KENNEDY**

    **Plaintiff**

    v.

**BERKEL & COMPANY
CONTRACTORS, INC.,** *et al.*

    **Defendants**

**Case No. 1:17-cv-01248-DLF**

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING JURY INSTRUCTIONS

Pursuant to the Court's Minute Order dated September 23, 2021, Plaintiff submits the following supplemental brief regarding the jury instructions proposed by Defendants to which Plaintiff takes issue.

### Hostile Work Environment Harassment Under Title VII -- Sex

Defendants' instruction, specifically point 4, is inconsistent with the *Faragher/Ellerth* defense, which mandates vicarious liability for employers, as a matter of law, for sexual harassment committed by a supervisor.   The knowledge, or lack of knowledge, of Berkel's management employees is not in issue unless all of the following are found to be true by the jury: (1) Mr. Bruce is not Plaintiff's supervisor; (2) Plaintiff has not suffered a tangible employment action; (3) Berkel exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (4) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Berkel or to avoid harm otherwise.   *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577-78 (D.C. Cir. 2013) (emphasis in original) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)).   This is what is commonly referred to as the *Faragher/Ellerth* defense.

To hold Berkel liable for Mr. Bruce's conduct, Plaintiff must prove either that (1) Mr. Bruce was her supervisor, or (2) she suffered a tangible adverse employment action in the workplace related to Mr. Bruce's wrongful conduct.   If she proves either of these, Berkel is vicariously liable for the actions of Mr. Bruce.   If she has not proven either of these, then Berkel can advance an affirmative defense to escape liability.   Berkel will then have the burden of proving that it exercised reasonable care to prevent and promptly correct any sexually harassing behavior and, if it succeeds, it must further prove that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Berkel or to avoid harm otherwise.

If these factors are all found by the jury to have been met, then Plaintiff would agree to point 4.

## Hostile Work Environment Harassment Under Title VII -- Religion

The *Faragher/Ellerth* defense applies to all discrimination claims arising under Title VII, including religion.   *Chambers v. District of Columbia*, 988 F.3d 497, 504 (2021) ("In *Ellerth*, the Court dealt with the standard that applies to vicarious liability for hostile work environment claims under Title VII.").   Therefore, this instruction suffers from the same flaws under *Faragher/Ellerth* as the previous instruction regarding sex.   Additionally, the word "religion" should be replaced by the words "religious beliefs" throughout.   Further, the word "credible" in the phrase "credible evidence" should be stricken towards the end of the first paragraph, to conform the language to the previous instruction.

2

**Multiple Defendants**

This instruction is applicable to a joint tortfeasor situation, where each tortfeasor can maintain that it is not liable.   It is not applicable here, and is inconsistent with the *Faragher/Ellerth* formulation, whereby the employer is liable as a matter of law for the sexual harassment of its supervisor.

**Actual Damages**

Plaintiff believes that the formulation of actual damages in her proposed Actual Damages instruction is a clearer and more accurate recitation of the law.[1]   In addition, Defendants' proposed instruction contains several errors.   In the first paragraph, the word "defendant's" should be "Defendants'".   In addition, the instruction should not reference the Defendants' "decision to discharge or harass her" as that is too narrow for the facts in this case.   In the second paragraph, Defendants have erroneously indicated that the discharge took place on September 30, 2015.   The actual date was September 29, 2015.   Finally, Plaintiff believes that it would be clearer for the jury if there were a new paragraph beginning with the words "You must enter separate amounts…"   Otherwise, the jury may believe that that aspect of the instruction relates only to the "Second" (non-pecuniary) description of damages and not the "First" (pecuniary).

**Punitive Damages**

Plaintiff believes that her instruction is a more appropriate and clearer presentation of the law of punitive damages.   In addition, the fourth paragraph of Defendants' proposed instruction

---

[1] Plaintiff's proposed instruction (as well as Defendants') has left out recovery for medical expenses as a category of damages.   Regardless of the instruction used, this oversight must be corrected.

(beginning with "However…") is inconsistent with *Faragher/Ellerth*.   Specifically, *Faragher/Ellerth* imputes liability to the employer for the sexual harassment of the supervisor regardless any good faith effort by the employer to comply with the law.   Further, Defendants' instruction gives no guidance to the jury as to how to measure or determine the amount of punitive damages to award.   Finally, there are a number of what appear to be typographical errors in the fifth paragraph (beginning with "If you find that either defendant…") where there are references to "the either defendant" or "the defendant".   Reference to "the defendant" is not appropriate in this case involving multiple defendants.

**<u>Other Disputed Instructions</u>**

Although Plaintiff believes that Defendants' other proposed instructions she objected to are not perfect for this case, she is willing to drop her objections to those proposed instructions.

**<u>PROPOSAL FOR CLARIFICATION OF INSTRUCTIONS</u>**

As exemplified in Plaintiff's Proposed Jury Verdict Form, we believe that it makes sense for the jury to first decide the vicarious liability issues.   These issues are complicated, with overlapping and secondary findings depending on previous findings.   Both the 9th Circuit and the 3rd Circuit have instructions which Plaintiff believes are applicable and helpful to fashioning proper instructions.   Plaintiff also has a proposed flow chart which, if approved by the parties and the Court, could be provided to the jury for helpful guidance in this confusing area.

These instructions have been edited for the Hostile Work Environment – Sex only, and are presented below.   Similar instructions would be needed for Hostile Work Environment – Religious Beliefs.

**9th Circuit Model Instructions**

**TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF SEX—ELEMENTS**

Plaintiff Kimberly Kennedy seeks damages against defendant Berkel for a sexually hostile work environment while employed by defendant Berkel. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**9th Circuit Standard Jury Instruction 10.5.** The elements of this instruction are derived from *Fuller v. City of Oakland, California*, 47 F.3d 1522, 1527 (9th Cir. 1995). The language in the instruction regarding the factors used to determine whether a working environment was sufficiently hostile or abusive is derived from *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

**TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

An employer may be liable when an employee's supervisor creates a sexually hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing

benefits.

The plaintiff claims that she was subjected to a sexually hostile work environment by the actions of Defendant Dwayne Bruce, and that Mr. Bruce was Ms. Kennedy's supervisor empowered by Defendant Berkel to take tangible employment actions against the plaintiff.

Defendant Berkel denies the plaintiff's claim. The plaintiff must prove her claim by a preponderance of the evidence.

[If *Faragher/Ellerth* affirmative defense applies, add the following:]

In addition to denying the plaintiff's claim, Defendant Berkel has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether the plaintiff has proved by a preponderance of the evidence that she suffered a tangible employment action as a result of harassment by the supervisor.

If you find that the plaintiff has proved that she suffered a tangible employment action as a result of harassment by the supervisor, you must not consider the affirmative defense.

If the plaintiff has not proved that she suffered a tangible employment action, then you must decide whether Defendant Berkel has proved by a preponderance of the evidence each of the following elements:

1. Defendant Berkel exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

2. The plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If Defendant Berkel proves these elements, plaintiff is not entitled to prevail on this claim.

**9th Circuit Standard Jury Instruction 10.6.** This instruction is based on *Vance v. Ball State University*, 133 S. Ct. 2434 (2013), *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998), *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998), and *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001).

**3rd Circuit Model Instruction**

The 3rd Circuit has proposed an instruction, which, although lengthy, is clear and comprehensive in laying out the *Faragher/Ellerth* affirmative defense scheme.   We have edited the instruction for just the Hostile Work Environment – Sex instruction:

## ELEMENTS OF A TITLE VII CLAIM -- HOSTILE WORK ENVIRONMENT — NO TANGIBLE EMPLOYMENT ACTION

In the event you determine that Mr. Bruce was not Ms. Kennedy's supervisor and that there was no tangible employment action, Plaintiff may nevertheless prove Berkel's vicarious liability as follows:

Plaintiff Kimberly Kennedy claims that she was subjected to harassment by Defendant Dwayne Bruce and that this harassment was motivated by her sex.

Defendant Berkel and Company Contractors, Inc. is liable to Plaintiff for the actions of Dwayne Bruce in her claim of sexual harassment if she proves all five of the following elements by a preponderance of the evidence:

First: Plaintiff was subjected to any or all of the following: graphic verbal commentaries about an individual's body; sexual prowess; sexually degrading or vulgar words to describe an individual; pinching, groping, and/or fondling; suggestive, insulting, or obscene comments and/or gestures; asking questions about sexual conduct; unwelcome sexual advances and sexual activity; and/or other sexually harassing activity by Dwayne Bruce.

Second: Mr. Bruce's conduct was not welcomed by Ms. Kennedy.

Third: Mr. Bruce's conduct was motivated by the fact that Ms. Kennedy is a woman.

Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Kennedy's position would find her work environment to be hostile or abusive.   This element

7

requires you to look at the evidence from the point of view of a reasonable woman's reaction to Ms. Kennedy's work environment.   To judge whether the environment was hostile under this standard, you should look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance.

Fifth: Ms. Kennedy believed her work environment to be hostile or abusive as a result of Mr. Bruce's conduct.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for Defendant Berkel and you need not proceed further in considering this claim.   If you find that Plaintiff has proven all five elements, then Berkel may be liable for Bruce's actions if management level employees knew, or should have known, of the abusive conduct and failed to take prompt and adequate remedial action. Management level employees should have known of the abusive conduct if (1) an employee provided management level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer, or if (2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

If you find that management employees did not know and should not have known of the abusive conduct, then you must consider Berkel's affirmative defense.

I will instruct you now on the elements of that affirmative defense.

You must find for Defendant Berkel if you find that it has proved both of the following elements by a preponderance of the evidence:

First: Berkel exercised reasonable care to prevent harassment in the workplace on the basis of sex, and also exercised reasonable care to promptly correct any harassing behavior that did occur.

Second: Ms. Kennedy unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant Berkel.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1. Berkel had established an explicit policy against harassment in the workplace on the basis of sex.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Ms. Kennedy to make a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by Ms. Kennedy.

With respect to the second element, proof that Ms. Kennedy did not follow a reasonable complaint procedure provided by Berkel will ordinarily be enough to establish that Ms. Kennedy unreasonably failed to take advantage of a corrective opportunity.

If you do not find that Berkel has established both elements of its affirmative defense by a preponderance of the evidence, then your verdict must be for Ms. Kennedy.

Plaintiff's counsel believe that this instruction is more accurate and clearer than those previously proposed.[2]

---

[2] See proposed Jury Verdict Form and *Faragher/Ellerth* flow chart attached as **Exhibits 1 and 2**.

Respectfully submitted,

_/s/Philip B. Zipin_
Philip B. Zipin, Bar Number: 367362
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: pzipin@zagfirm.com


_/s/Norman G. Schneider_
Norman G. Schneider, Bar Number: 415524
Kamerow Law Firm, PLLC
4900 Leesburg Pike, Suite 310
Alexandria, Virginia 22302
(703) 370-8088
nschneider@kamerowlaw.com

_Counsel for Plaintiff_


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2021, I served a copy of the foregoing on Defendants, via this Court's CM/CF system, through their counsel of record.

_/s/Philip B. Zipin_
Philip B. Zipin