IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIMBERLY KENNEDY**<br><br>    **Plaintiff**<br><br>    v.<br><br>**BERKEL & COMPANY CONTRACTORS, INC.**<br><br>and<br><br>**DWAYNE W. BRUCE**<br><br>    **Defendants** | Case No. 1:17-cv-01248-DLF<br>VIA EMAIL:  @dcd.uscourts.gov |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ATTENDANCE AT MEDIATION AND MOTION FOR SANCTIONS IN THE ALTERNATIVE

    Plaintiff, Kimberly Kennedy, by and through counsel, hereby submits her Opposition to the Defendants' Motion to Compel Plaintiff to Attend Mediation and Motion for Sanctions in the Alternative, and asks this Court to deny the motions.

    Defendants have misstated the history of mediation in this case.  When first compelled to mediation, Plaintiff and her counsel engaged in mediation and spoke numerous times with the mediator, now Judge Carolyn N. Lerner of the United States Court of Federal Claims.  The end result was that the Plaintiff continued to be determined to go to trial.  At the time of the breakdown, Judge Lerner expressed her opinion to counsel that the Plaintiff had complied with the mediation order, but that the mediation was unsuccessful.

    Since that time, COVID has continued to disrupt trial and the case has been continued twice.  In continuing the case the second time, this Court ordered the parties to private

mediation. Plaintiff's counsel prepared the Plaintiff, worked on a mediation memorandum for the mediator, and sent the Plaintiff a draft demand for her approval. The hope was that the mediation could be performed in person, and Plaintiff's counsel consented to Defense counsel's desire to not have Defendant Dwayne Bruce present. The JAMS mediation rules stated that parties could only appear if they proved that they had been vaccinated against COVID. The Plaintiff has not been vaccinated against COVID and has been unwilling to do so. Plaintiff's counsel realized as they moved forward to mediation, that this would present a problem with mediation attendance. In addition, the Plaintiff continued to insist to her counsel that she was only interested in going to trial and not settlement of this matter. For weeks, Plaintiff's counsel attempted to convince Plaintiff to attend the mediation, virtually if necessary, but Plaintiff continues to desire only that she have a trial in this matter.

Plaintiff has consistently expressed that she wants to have a trial in this matter. Her counsel has worked very hard to convince her that mediation might benefit her. That work has been unsuccessful, but there is no reason to believe that compelling Plaintiff to attend mediation will lead to a successful result. At its core, mediation is non-binding and consensual, and if Plaintiff is intent on a jury trial and not a mediated resolution, then she is entitled to have one.

Plaintiff has, in fact, already suffered sanctions in this case, as her trial will likely be held more than five (5) years after suit was filed and almost eight (8) years after the incidents described in the Complaint occurred. Due to the cancellation of the mediation, JAMS has asked that the Plaintiff pay the full costs of the mediation. Plaintiff does not believe that further sanctions are justified or necessary.

For the above reasons, Plaintiff asks this Court to deny the Motion to Compel Plaintiff to Attend Mediation and Motion for Sanctions in the Alternative.

Respectfully submitted,

/s/*Philip B. Zipin*
Philip B. Zipin (#03932)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: pzipin @ zagfirm.com


/s/ *Norman G. Schneider*
Norman G. Schneider (#415524)
Kamerow Law Firm, PLLC
4900 Leesburg Pike, Suite 310
Alexandria, Virginia    22302
(703) 370-8088  nschneider @ kamerowlaw.com

*Attorneys for Plaintiff Kimberly Kennedy*


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2022, I served a copy of the foregoing on Defendants, via this Court's CM/CF system, through their counsel of record.


_____/s/*Philip B. Zipin*_____ _
Philip B. Zipin